**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 04:12 PM October 29, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JUDY ANN GRIMMINGER, | ) | CASE NO. 12-60521 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

The Bank of New York Mellon fka The Bank of New York ("Bank") moves to vacate an order reducing its mortgage arrearage claim. Debtor opposes the relief. The court held a hearing on September 12, 2012 and took the matter under advisement.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## **BACKGROUND**

Debtor filed an individual chapter 13 case on February 28, 2012. In Schedule D, she listed mortgage debts on two properties, both owed to Ocwen. Ocwen Loan Servicing, LLC ("Ocwen") is the servicer of Bank's loans. One property, 50-16th St., Massillon, is her residence and the other, 44-16th St., Massillon, is a rental property. Per Schedule D, Ocwen is owed $46,460.00 on her residence. The last four digits of this account are x0861. Debtor owes approximately $58,000.00 on the rental property. Debtor did not provide an account number for this loan.

The Statement of Financial Affairs shows that Debtor is a defendant in a foreclosure case pending in the Stark County Court of Common Pleas, filed in 2011. The Plaintiff in that case is the Bank and the foreclosure relates to the rental property. Debtor's plan indicates she is behind on the rental property mortgage and proposes for the chapter 13 trustee ("Trustee") to maintain the regular monthly payments on the mortgage, as well as cure an arrearage of approximately $8,000.00. The plan was confirmed on June 14, 2012.

On April 12, 2012, Debtor filed a motion to determine the arrearage claim. It is not entirely clear whether Debtor did so at the request of Trustee or not. Regardless, it is clear that the mortgage company had not yet filed a proof claim and the claim bar date was July 3, 2012. Debtor's amended motion to determine the arrearage related to the rental property, as identified by address and loan number. The motion acknowledged an arrearage claim was owed and that no arrearage claim had yet been filed. Debtor also acknowledged that a statement sent to Debtor contained other fees and expenses, but contended the statement was without regard to the reasonableness, validity or proof of payment of those fees. Debtor argued that the correct arrearage amount was $3,129.07 through February 13, 2012. Debtor served the motion to Ocwen at a post office box in Carol Stream, Illinois, as well as a physical address on Science Drive in Orlando, Florida. No responses were filed and the court granted the motion on May 10, 2012. At this point, the arrearage was established at $3,129.07.

On June 7, 2012, Ocwen filed a proof of claim. It is the only mortgage claim filed in this case. The amount of the claim is $56,688.33. The annual interest rate is 8.25% and the last four digits of the account are x0820. The mortgage claim includes a $7,099.13 arrearage. Attachments to the claim show this figure is based on $3,576.08 in payments due at filing, plus late fees and various charges in several categories totaling $3,523.05. Exhibit B, designated for mortgages on debtors' principal residences, identifies 50-16th St., S.E., Massillon as the security for the debt, which the court determines to be inaccurate. The copy of the mortgage attached to the proof of claim lists the address as 44-16th St., SE, Massillon, OH, which the court finds to be the correct address of the property underlying the claim.

On May 15, 2012, LeAnn E. Covey filed a notice of appearance for the Bank requesting all notices be directed to her at her firm's address in Stow, Ohio.

After Ocwen filed its proof of claim, Debtor filed an objection to the proof of claim on July 11, 2012. Relying on the order that established an arrearage of $3,129.07, Debtor requested disallowance of any arrearage amount in excess of this figure. The objection was served to Ocwen at the address listed in the proof of claim. It was not served to LeAnn Covey. On August 20, 2012, Ms. Covey responded to Debtor's objection to the proof of claim and filed a motion to vacate the order determining the arrearage amount.

## **DISCUSSION**

This matter mires competing tenets of legal jurisprudence and ultimately requires the court to elevate one over another. Debtor obtained an order reducing Bank's arrearage claim. The order was entered after service and notice, without any response from Bank. Accepting Debtor's position would preserve the finality of the order reducing the arrearage claim. Granting Bank's motion would protect due process and the integrity of the bankruptcy system. While all are worthy of protection, the court finds that the fundamental value of due process triumphs on these facts.

Bank moves to vacate the order under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60 into bankruptcy practice. Specifically, Bank proceeds under 60(b), providing:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Bank argues for relief for "excusable neglect" under subsection (1) as well as relief under

3

subsection (3) for fraud on the court.

Excusable neglect is an equitable determination:

> With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993) (footnotes and citation omitted). The court must consider three factors in determining whether to set aside the default order on the basis of excusable neglect: "(1) whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default." Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002) (citing United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983)). The culpability factor must be met before the court considers the other factors. Weiss, 283 F.3d at 794. Debtor argues that Bank's failure to timely object to her motion, without explanation, renders her culpable. For the following reasons, the court disagrees.

Debtor's service of the amended motion is concerning.[1] Bank's reply brief contains an affidavit from a Contract Management Coordinator employed by Ocwen denying receipt of Debtor's motion. Debtor served Ocwen at the address listed in the petition, a post office box in Carol Stream, Illinois, and at a physical address on Science Drive in Orlando, Florida. Debtor did not serve the motion on the other notice address for Ocwen identified in the petition, a post office box in West Palm Beach, Florida, nor was the motion served on foreclosure counsel[2] or to Bank. The court finds that this was a contested matter and the motion should have been served under the requirements of Federal Rule of Bankruptcy Procedure 9014.

A contested matter is one involving an actual dispute. *See* Advisory Committee's Notes on Fed.R.Bankr.P. 9014. For example, when a trustee objects to a creditor's exemption, there is clearly a dispute between the two parties. It is now apparent that a similar situation existed between Debtor when the motion to determine the arrearage was filed. Clearly, Debtor knew that the mortgage company was claiming a significantly higher arrearage amount because of the

---

[1] The court is also extremely concerned about service of the notice that accompanied the motion. The certificate of service indicates that the "foregoing Motion" was served. The notice, which follows the motion, is never mentioned and technically is not part of the "foregoing Motion."
[2] The same firm representing Bank in the bankruptcy case represented Bank in the foreclosure case.

statement she had received. Debtor's attempt to reduce that amount by half therefore created the requisite dispute between the parties to create a contested matter. Rule 9014 requires contested matters to be served under Rule 7004, which Debtor did not do. Under Rule 7004(b)(3), domestic and foreign corporations are served "by mailing [copies] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." No agent or officer is identified in the certificate of service. A separate rule, Rule 7004(h), governs service to federally insurance depository institutions and requires service by certified mail. Debtor did not serve the motion by certified mail, so if Bank or Ocwen is a qualifying federally insured depository institution, service was insufficient. More puzzling is that Bank was not served at all or listed in the schedules. This is puzzling since the foreclosure was filed in Bank's name, not Ocwen's.

The sum of these service concerns reduces Bank's fault in not responding to the motion. Consequently, the court finds that Bank is not culpable in failing to respond to the motion. The court will now consider the next two factors in the excusable neglect inquiry, the prejudice to Debtor in vacating the order and whether Bank has a meritorious defense. Starting with the latter, it appears that Bank does have a meritorious defense.

Debtor's amended motion to determine the arrearage claim contained true facts: the case was unconfirmed and an arrearage claim had not yet been filed. However, what was not clear to the court from the motion was that the plan had not yet come up for confirmation and that the arrearage claim wasn't due for three months. The amended motion also referenced the fact the mortgage company was claiming additional fees. However, Debtor never mentioned the amount of the fees she was attempting to eliminate, nor the fact that her plan estimated the arrearage at twice as much as her motion to determine value. Between her plan and the motion to determine the arrearage, Debtor maintained inconsistent positions. While the court cannot say these representations rise to "fraud," they were not wholly forthright.

For illustrative purposes only, the court turns to Federal Rule of Bankruptcy Procedure 9011(b)(3) to establish a baseline for the factual content of pleadings. The rule states

> (b) *Representations to the Court*. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed *after an inquiry reasonable* under the circumstances,--
>
>    \*  \*  \*
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

5

(latter emphasis added). At times, especially when facts are developing, advocacy on behalf of a client requires counsel to walk on gossamer thread. While the court has no desire to hamper zealous advocacy on behalf of a client, counsel must adhere to boundaries in representation.

Debtor's calculation of the arrearage was implausible. The plan lists the regular monthly mortgage payment at $447.01. The order reducing the arrearage accounted for exactly seven missed payments. It appears that Debtor did not include a dime for late charges, foreclosure fees, or any other expenses, in her arrearage calculation in spite of acknowledging the foreclosure case in her schedules. It is one thing to seek to reduce impermissible or unreasonable charges and another matter to unjustifiably eliminate them in their entirety. It is now clear to the court that the order reducing the arrearage to $3,127.07 was not well-founded, creating merit in Bank's position.

Review of the last factor requires the court to consider the prejudice to the Debtor if the order reducing the arrearage is vacated. Obviously, vacation of the order opens the door to Bank establishing a higher arrearage amount but the court finds that a greater prejudice would result from not setting aside the order. Since Debtor initially included a higher arrearage amount in her plan, her plan payments already reflect the higher amount. She will not suffer the loss of a higher amount, but will merely lose the benefit of a lower amount.

Further, any delay is not overly prejudicial to Debtor. Bank filed its first notice of appearance on May 15, 2012, merely five days after the order reducing the arrearage was entered. The court is slightly troubled that Bank did not review the docket, find the order, and act sooner. However, the court recognizes that the plan filed with the court represented the arrearage claim was $8,000.00, not $3,127.07. Bank timely filed a proof of claim on June 7, 2012. The following week, the court confirmed the plan with the $8,000.00 arrearage. On July 11, 2012, Debtor objected to the proof of claim, citing the order on the arrearage. Bank's response to the objection was timely filed. At the same time the response was filed, Bank filed the motion to vacate the order.

The court, through its form plan, leaves arrearage claim challenges to the claims objection process. When a debtor schedules an arrearage claim in a plan, it is subject to a contrary proof of claim. (Admin. Order 11-03, Ex. A, Chapter 13 Form Plan ¶ E4). But for Debtor's premature motion to determine the arrearage, the issue would be presented to the court at the time and manner anticipated – with Debtor's objection to Bank's proof of claim. Therefore, the court cannot conclude that there is material delay. Debtor demonstrated no real prejudice that would result from vacation of the order reducing Bank's arrearage claim.

## **CONCLUSION**

The order reducing Bank's arrearage claim cannot stand. Service of the underlying motion was problematic. Coupled with Bank's averment that the motion was not received by the servicing agent, the court finds grounds to excuse Bank from its failure to respond to the motion. Further, in hindsight, it appears that the motion failed to fully apprise the court of what was at

stake, especially considering a contrary representation in the plan. If the order is vacated, the court will be able to decide the issue on the merits. Any prejudice that occurs will be supplanted by the benefits in protecting due process and the integrity of the bankruptcy system.

Bank's amended motion to vacate will be granted by separate order to be entered immediately.

# # #

**Service List:**

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Julie A. Terry
The Law Offices of John D. Clunk Co., LPA
4500 Courthouse Blvd.
Suite 400
Stow, OH 44224

7

12-60521-rk    Doc 48    FILED 10/29/12    ENTERED 10/29/12 16:34:39    Page 7 of 7